MR. HICKS TRACY

2661 FM 2054

Tenn. Colony,Tx 75884

17,290-15

August 12 2015

HON. JOHN E. NEILL,RESPONDENT

18th JUDICIAL DISTRICT COURT

GUINN JUSTICE CENTER

204 S. Buffalo Ave

Cleburne Tx 76033

RECEIVED
IN SUPREME COURT
OF TEXAS

AUG 18 2015

BLAKE HAWTHORNE, Clerk
BY_____Deputy

HON. DALE HANNA,PROSECUTING ATTORNEY

GUINN JUSTICE CENTER

204 S. Buffalo Ave,Ste 209

Cleburne Tx 76033

Dts Clerk: Blake A Hawthorne

This document contains some
pages that are of poor quality
at the time of imaging.

Dear Clerk

Enclosed for filing with the court is Relator's petitionfor writ
of mandamus;Upon the filing of this petition please return a file
marked copy for my records;A copy of this petition has been previously
mailed to all interested parties.

SINCERELY

Tracy Hicks

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 18 2015

Abel Acosta, Clerk

IN THE SUPREME COURT OF TEXAS

AT AUSTIN

_____

FILED
IN SUPREME COURT
OF TEXAS

AUG 18 2015

BLAKE HAWTHORNE, Clerk
BY PATRICK D. PASSMORE, Deputy

IN RE TRACY HICKS

ON PETITION FOR WRIT OF MANDAMUS

_____

TRIAL COURT CAUSE NUMBER 29450

FROM THE 18th DISTRICT COURT OF

JOHNSON COUNTY,CLEBURNE TEXAS

_____

PETITION FOR WRIT OF MANDAMUS

_____

TRACY HICKS,RELATOR

PRO-SE#673001

H.H. COFFIELD

2661 FM 2054

Tenn Colony,Tx 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 18 2015

Abel Acosta, Clerk

ORAL ARGUMENT REQUESTED

IN THE SUPREME COURT OF TEXAS

AT AUSTIN

---

IN RE TRACY HICKS

ON PETITION FOR WRIT OF MANDAMUS

---

TRIAL COURT CASE NUMBER 29450

FROM THE 18th DISTRICT COURT OF

JOHNSON COUNTY,CLEBURNE TEXAS

---

TENTH COURT OF APPEALS NO.10-15-00224-CR

---

## RELATOR'S MOTION FOR JUDICIAL NOTICE

---

Relator,Tracy Hicks,Pro-Se,files this his Motion Asking the court to Take Judicial Notice of the following facts in this case;

1. Relator originally filed this suit in the Tenth Court of Appeals;That Court has misconstrued the petition as a request for a writ of habeas corpus,whereas Relator complains of respondents denial of right to speedy trial,and the Abuse Discretion on Trial Motions where the court could act only one way on said issue raised by the motion;Complains that respondents failed completely to Analyze or Correctly Apply the laws as they apply to the facts of this case;Further,Relator ask this court to take judicial notice of the fact that relator has not been accorded the requested discovery in this matter,and respondents has clearly failed without cause,to turn over the requested trial records,and documents which are relevant to these proceedings. Relator ask the court to take judicial notice of the fact that relator is greatly being prejudiced by the constitutional violations and the abuse of discretion committed by respondents during trial;See Issues 2-5 in this petition.

Relator Pray that the court will;Conditionally grant the petition,and accord relator discovery in this matter.,and thereafter Grant a Hearing where these issues can be resolve according to law.

RESPECTFULLY SUBMITTED,

RELATOR,PRO-SE

IN THE SUPREME COURT OF TEXAS

AT AUSTIN

IN RE TRACY HICKS

ON PETITION FOR WRIT OF MANDAMUS

TRIAL COURT CAUSE NUMBER 29450

FROM THE 18th DISTRICT COURT OF

JOHNSON COUNTY, CLEBURNE TEXAS

RELATOR'S MOTION FOR ENTRY OF LEVEL

TWO DISCOVERY PLAN

Relator, ask the court to Order that Discovery be conducted according to a level Two Discovery Control Plan, tailored to the circumstances of this suit, as permitted by the Texas Rules of Civil Procedures , 190.4;

## INTRODUCTION

Relator is Tracy Hicks, acting Pro-Se., The Respondents are; Hon. John E. Neill., and Dale Hanna Prosecuting Attorney of Johnson County. Relator filed this civil action, complaining of the respondents Abuse of Discretion on trial motions, and the failure to Analyze or correctly Apply the laws as they apply to the facts of the case.

Relator, ask this court, to allow discovery under Level Two control plan because;

A. There are relevant documents, and testimony within Respondents filesthat is important to the current claims final outcome, which would include BRADY Material; The Issues regarding this suit are Complex, and discovery, and a hearing at which both parties could argue their positions would be helpful to the court in any decision rendered by this court.

Relator, during any discovery allowed, would conduct all discovery according to the Texas Rules of Civil procedures, and the Rules of this court., Texas Rules of Civil Procedures Rules 190-198.

SO MOVED AND PRAYED THAT RELATOR'S MOTION FOR DISCOVERY BE GRANTED.

RESPECTFULLY SUBMITTED,

_____

RELATOR, PRO-SE

NO.____.

IN RE

TRACY HICKS

RELATOR


RELATOR"S PETITION FOR WRIT OF MANDAMUS

Relator, Tracy Hicks,Submits this petition for a writ of mandamus

complaining of the Honorable John E. Neill,Presiding Judge of the
18th District court of Johnson County,Texas.,Judge Neill,has a duty
under the law to provide relator with a speedy trial and resolutionn
of these issues as guaranteed by the Sixth and Fourteenth Amendment
of the United States Constitution,and Article 1,section 10 of the
Texas Constitution.

The Issues presented in this petition are complex,and would require
discovery,therefore relator request that discovery be allowed to better
assist the court in it's decision,and to clerify relator's contentions.

## TABLE OF CONTENTS

INTRODUCTION.................................................PAGE,1

Table Of Contents...........................................PAGE,ii

IDENTITY OF PARTIES & COUNSEL.................................page,1

INDEX OF AUTHORITIES.........................................PAGE,2,3,A,B,C

STATEMENT OF THE CASE........................................PAGE,4

STATEMENT OF JURISDICTION....................................PAGE,5

ISSUES PRESENTED.............................................PAGE,6,7

STATEMENT OF FACTS...........................................PAGE,7,8

ARGUMENT AND AUTHORITIES.....................................PAGE 9~25

Once a speedy trial has been requested,the trial

Court has a legal duty,under the Texas Constitution and

the United States Constitution,to move the prosecution

forward and bring the defendant to trial.

PRAYER......................................................PAGE ,25

CERTIFICATE OF SERVICE......................................PAGE,26

APPENDIX

---

NO.

IN RE

TRACY HICKS,

RELATOR

## IDENTITY OF PARTIES AND COUNSEL

Relator certifies that the following is a complete list of the parties,the attorney's ,and any other person who has any interest in the outcome of this petition.

TRACY HICKS,

RELATOR,PRO-SE

H.H. COFFIELD UNIT

2661 FM 2054

Tennessee Colony,Tx 75884

(903)928-2211 ;

HON.JOHN E. NEILL,

Respondent

18th District Court

Guinn Justice Center

204 S. Buffalo Ave

Cleburne Tx 76033;

HON. DALE HANNA,PROSECUTING ATTORNEY,

Guinn Justice Center

204 S. Buffalo Ave Ste 209

Cleburne Tx 76033

---

# INDEX OF AUTHORITIES

Barker v. Wingo,
407 U.S. 514 (1972)..................................Page;9,10,11

Cantu v State,
253 S.W. 3d 273(Tex.Crim.App. 2008)....................Page;10

Dillingham v State,
433 U.S. 64 (1975)..................................Page,10

Harris v State,
489 S.W. 2d 303 (Tex. Crim. App. 1973)................Page,11

Hull v State,
699 S.W. 2d 220 (Tex.Crim. App. 1985)................Page,9

Moreau v State Ex rel,
271 S.W. 379 (Tex. 1925)............................Page,9

Perkins v State,
504 S.W. 458 (Tex. Crim. App. 1975)..................Page,10

Smith v Hooey,
393 U.S. 374 (1969)................................Page,9,11,12

Taylor,Ex Parte,
522 S.W. 2d 479 (Tex.Crim. App. 1975)................Page10

Turner v State,
545 S.W. 2d 133(Tex. Crim.App.1976)..................Page9,11,12

U.S. v Marion,
404 U.S. 307 (1971)................................Page,10

Wilson v Bowman,
381 S.W. 2d 320 (Tex.1964)..........................Page,11

## INDEX OF AUTHORITIES

Callins v State,
780 S.W. 2d 176 (Tex.Crim. App. 1986)......................Page,13,14

Crosslin v State,
90 Tex Cr.R.467,235 S.W.905,906(1921)....................Page14

In RE Gonzales,
115 S.W. 3d 36(Tex.App.San Antonio 2003)................Page,14

Prudential Ins,Co.Of Am,
148 S.W. 3d 124,135-36(Tex..2004)......................Page,14

Walker v Packer,
827 S.W. 2d833,839 (Tex. 1992).........................Page,14

Republican Party v Dietz,
940 S.W. 2d 86,94(Tex.1997)............................Page,14

Dobecka v State,
(App.5 Dist,2003)2003WL 194711,unreported.....................Page,16

Johnson v State,
629 S.W. 2d 137(Tex.App.Dallas)........................Page,16

Lanum v State,
952 S.W. 2d 36 (Tex.Crim.App. 19 )....................Page,16

Hughes v State,
806 S.W. 2d 248,PDR.,833 S.W. 2d 137(Tex. Crim. App. 19 )..........Page,16

Martinez V State,
953 S.W. 2d 604,rehearing overruled,PDR Granted,rev,981 S.W.195(Acts 1973,63rd
leg.,p883,ch.399*1 ...................................Page,16

IN RE RP Products North America,Inc,
244 S.W.3d 840(Tex" ") ..............................Page,16

----v----,
685 S.W. 2d 47(Tex.Crim. App. 19 ).................Page,16

# INDEX OF AUTHORITIES

French v Estelle,
692 F.2d 1021 (5th Cir. 1982)........................................Page,18,21

Menefee V State,
175 S.W. 3d500(Tex. App. Beaumont 2005)........................Page 18

Strickland V Washington,
466 U.S. 668,104 S.Ct. 2052,2064,80 L.Ed.2d.674(1984)...............Page,18,19,20

Mitchelle V State,
68 S.W. 3d 640,647(Tex. Crim.App. 2002)..........................Page,18,21

Bone V State,
77 S.W. 2d 828,833(Tex. Crim. App. 2002)........................Page,10

Flowers V State,
133 S.W. 3d 853,856 (Tex. App. Beaumont,2004 No pet,citing Hernandes v State
988 S.W. 2d 770,772(Tex. Crim. App. 1999)........................Page,19

Andrews V State,
159 S.W. 2d 981,982(Tex.Crim. App. 2005)........................Page,19

Gloriso V State,
(Cr.App. 1988)637 S.W. 2d 483 S.W. 2d 454........................Page,19

Diremigo V State,
(Cr. App. 1982)637 S.W. 2d 926..................................Page,19

Smith V State,
158 S.W. 3d 463,465(Tex. Crim. App. 200)........................Page,20

Ex Parte Jordan,
(Cr. App. 1994)879 S.W. 2d 61..................................Page,20

Hill V Lockhart,
106 S.Ct 366(19 )..............................................Page,21

Bullard V Estelle,
708 F. 2d 1021(1980)..........................................Page21

Jackson V Virginia,
U.S. S.Ct.99,2781,443 U.S. 307,61 L.Ed.2d. 560,reh.den.100Ct. 195,444,U.S.890,
62 L.Ed. 2d. 126.............................................page 21

__v__,695 S.W. 2d 479 (Tex. Crim. App. 19'')..............................Page 22

__v__,244 S.W. 3d 840  Tex. App.  200 )..............................Page,22

IN Re Chevron,U.S.A.,Inc CA,1
109 F. 3d 1016(CA.,Tex. 1997)..............................Page22

EX Parte Fortune,
797 S.W. 2d 929 (Tex. Crim. App. 198 )..............................Page,22

Elder V State,
132 S.W. 3d 20 (Tex. App.Fort Worth 2004)..............................Page,23

United States V Dixon,
509 U.S. 688,689,113 S.Ct. 2849,2855,125 L. Ed. 2d 556 (1993)..........Page,23

Brown V Ohio,
432 U.S.161,169,97 S.Ct. 2221, 53 L.Ed. 2d 187 (1977)..............Page ,23,24

Parish V State,
869 S.W. 2d 352,354 (Tex. Crim. App.1999)..............................Page,23,25

Ochoa V State,
982 S.W. 2d 904, 908 (Tex Crim. App. 1988)..............................Page 23-24

Cunningham V State,
726 S.W. 2d 151 (Tex. Crim. App. 1987)..............................Page,24

Demoss V State,
12 S.W. 3d 533,561 (Tex. App. San Antonio,1999 pet refused.............Page,24

Blockburger,
284 U.S. at 304, 52 S,Ct. 180..............................Page,25

STATUTES

Chapter 3.04(a)Tex. Penal Code.Vernon's Ann. Tex.Code Crim.Proc.,Article 21.24

Tex. Code Crim. Proc.,Article 22.011,21.11

Tex. Code Crim.Proc.,Art.26.13(a)

Tex. Penal Code Ann. 12.42(b)(c)vernon's 1974);

Tex. Const.Articles,1§10,1§13,1§14;Art.5§6;Tex.Gov,t Code 22.222(a)

U.S. Constitutional Amendments 1st,5th,8th,6th,14th

## STATEMENT OF THE CASE

Relator seeks a writ of mandamus from this court compelling Judge John E.Neill of the 18th District Court of Johnson County texas,to bring relator to a speedy trial;Relator further seeks a mandamus compelling the respondents to correct the Abuse of discretion ,and constitutional violations committed at trial ,as shown in this mandamus;Relator does not seek a writ of habeas corpus,or,any relief accorded by a writ of habeas corpus;relator seeks an order from this court,compelling the respondents to;(1)Accord relator a mini trial inwhich issues regarding the Abuse of discretion committed at trial,and other Constitutional violation can be addressed, and then,accord relator the relief as Equality and Justice demands.**See Issues 2-5 in this writ.**

Relator,has presented these issues to the Tenth Court of Appeals at Waco Texas; That Court Denied relator's contention of right to speedy trial.,and misconstrued this writ as requesting for habeas corpus relief; The relator does not seek a writ of habeas corpus. Relator seeks an Order from this court.,Conditionally Granting this writ of mandamus,and compelling the trial court Judge,and state prosecutor to address issues Two-Five of this writ application; Alternatively,Relator request that discovery under Level Two be allowed,so that relator can better assist the court in understanding relator's claims..

The Respondents,Judge John E. Neill,and the State Prosecutor Dale Hanna,has a legal duty under the laws of this state,and the Constitutional Amendments to the United States Constitution,to perform their duties as demanded according to Law; **See Issues 2-5 of this writ.**,it is clear that respondents Abused their discretion and failed to analyze,or apply the laws and Statutes correctly on Issues 2-5 of this writ. Respondents has a duty under the provisions of the 6th Amendment of the United States Constitution as applied to the states by the 14th Amendment of the United States,and Texas Constitution Article 1§10.,to provide relator with a speedy trial,and a fair resolution of the issues of this writ.

Relator has no other clear,adequate remedy at law or equity,and it is necessary that a writ of mandamus be conditionally Granted Ordering Respondent to dispose of Issues 2-5 as Equality of law demands.

**IN RE TRACY HICKS-MANDAMUS**                                    PAGE ,4

This court has Jurisdiction to issue a writ of Mandamus under Texas constitution article 5 paragraph 3.,Tex. Gov't Code §22.002(a) (b)

## ISSUES PRESENTED
### Denial Of Speedy Trial

Once a Speedy Trial has been requested, the Trial Court has a legal duty, under the Texas Constitution and United States Constitution,to move the prosecution forward and bring the defendant to trial.

### ISSUE NUMBER TWO

The Respondent Abused it's idscretion when it reached a decision so Arbitrary and unreasonable amounting to a clear and prejudicial error of lawRespondent fail to analyze or apply the Severance law to an indictment containing multiple Non-Property offenses,Resulting in a deprivation of relator's Fundamental Con stitutional rights;Tex.Const.art 1§10,1§13,1§14,U.S.C.A.,Amend,1st,5th,6th,14th WHEN IT FAIL TO FORCE THE STATE TO MAKE AN ELECTION ON WHICH CHARGE IT WAS PRO CEEDING UPON,RESULTING IN A SENTENCE THAT IS BOTH ULTRA LICITUM AND ULTRA PETITA.

### ISSUE NUMBER THREE

Respondent Abused it's discretion when it reached a decision so Arbitrary and unreasonable amounting to a clear and prejudicial error of law;Respondent clearly fail to analyze or apply the law correctly when it fail to undertake to Admonish relator to correct range of punishment on each charge of the indict ment prior to accepting a plea of guilty in violation of Texas Code Criminal Procedure Art 26.13.,Tex.Const art.1§10,1§13;U.S.C.A.1st,5th,14th

### ISSUE NUMBER FOUR

Respondent Abused it's discretion when it reached a decision so Arbitrary and unreasonable amounting to a clear and prejudicial error of law.Respondent fail to Analyze or apply law correctly where the state used an infirm prior convict ion for enhancement purposes.The evidence demonstrated a Predicate violation required for sentencing relator as a career or habitual offender.Tex.Penal Code Ann.12.42(b)Vernon's(1974);Violated Realtor's Fundamental Constitutional right as promised by Texas Constitution,art.1§13,1§14;U.S.Const Amend6th,14th.

## ISSUES PRESENTED

### ISSUE NUMBER FIVE

The respondent Abused it's discretion when it reached a decision so Arbitrary and unreasonable amounting to a clear and prejudicial error of law.,Respondent fail to accord relator Equality and Justice under the law of this state,and the United States;Fail to analyze and apply correct law ,and sentenced relator in violation of the Double jeopardy Clause;Tex Const.,art1§14;U.S. Const.Amend.5th, and 14th,Depriving realtor of his Fundamental Constitutional Rights.

### STATEMENT OF FACTS

On or about,May 1993,relator while reporting to his parole officer in Tarrant County,was arrested and charged in a Multi-Count indictment with the offense of sexual assault of a person;22.011;21.11.,       ;relator was denied bond. and was convicted by Respondent,and sentenced to a term of forty years at TDCJ-ID. Thus far,no direct appeal was allowed;however,relator,immediately after the guilty plea,relator wrote the respondent and requested appointment of counsel for an appeal;and requested some form of resolution of the indictment and charges as written,and resolution of the other known fundamental consti- tutional violations in the trial; Relator submitted numerous writ applications, with supporting case law in an attempt to have these constitutional violations corrected; Prior to trial,relator filed between 1,and 23, motions in particular, a motion requesting the state to make an election upon which charge of the in- dictment it was proceeding upon; The Respondent fail to respond to any motion; thereby allowing the prosecutor to convict relator on all charges of the in- dictment.,preventing relator from knowing the actual charge inwhich he was being on trial for. The charges are currently serving as active unadjudicated offenses;causing prejudice to relator,and has restricted his ability to receive any sentence at least partially concurrent with any sentence he is presently serving;-

has caused the duration of the present imprisonment to be increased and conditions under which he must serve the sentence greatly worsened beyond the terms of any plea agreement; has prejudiced relator's opportunity for any fair consideration for parole,and caused anxiety and concern,as well as Oppressive incarceration. Relator,after trial filed with respondent numerous times,a request to correct the hereinafter fundamental constitutional violations as justice requires; As the Respondent has never responded to these particular request,relator recently filed a formal motion for Speedy trial. Thereby invoking his rights under the Texas and Federal Constitutions. His Speedy Trial motion duly filed on March 29, 2015.

Since filing the motion for speedy trial, the 18th District Court has done nothing to move the prosecution of the Multi-count indictment, or attempt to correct fundamental constitutional violations inwhich relator complains of; further, over the past 22 years,despite several letters,motions,and phone calls to the court requesting copies of the indictment,offense or police reports,or records or other information  filed in this case,to include a copy of Court's docket sheet related to the case, the court has failed to reply in any manner;and the prosecutors office has engauged in unethical conduct when relator submits any motion,writ,demonstrating the fundamental constitutional violations that have prejudiced relator's ability to enjoy any term of the plea agreement,and creating an unfair plea bargain.

ARGUMENT AND AUTHORITIES

## ARGUMENT AND AUTHORITIES

This relator has expressly invoked his right to a speedy trial under both the State and Federal Constitutions. The right to speedy trial is guaranteed by the Sixth Amendment as applied to the States by the Fourteenth Amendment of the United States Constitution. See **Barker v. Wingo**, 407 U.S. 514 (1972). In addition, Article 1 §10 of the Texas constitution guarantees the accused in all criminal prosecutions the right to a speedy public trial. Although the Texas and Federal rights to a speedy trial are separate and distinct, the interpretation and application of the Sixth Amendment right to speedy trial by the Federal Courts serve as a useful guide to the interpretation of the Texas Constitutional right to speedy trial.

In **Barker v. Wingo, id.**, the United States Supreme Court established a balancing test and suggested four factors to consider in determining whether an accused has been denied a speedy trial. The factors: (1) length of delay, (2) reason for delay, (3) assertion of the right, and (4) prejudice to the accused. While the State has the burden of justifying the length of delay, the defendant has the burden of proving the assertion of the right and proving prejudice.

Importantly, it is well established that a defendant incarcerated on another charge is entitled to the same speedy trial rights as a defendant on bail. **Smith v. Hooey**, 393 U.S. 374(1969); **Ex rel Moreau v. Bond**, 271 S.W. 379 (1925).

As a result, the **relator's** status as a prisoner can neither prejudice his speedy trial rights or serve as justification for the delay on the part of the State.

In the case at bar, relator was arrested and charged with sexual assault on May 1993, . More than 22 years has passed; a time more than sufficient to require a further examination of relator's speedy right claim. **Hull v. State**, 699 S.W. 2d 220 (Tex. Crim. App. 1985); **Turner v. State**, 545 S.W. 2d 133 (Tex. Crim. App. 1976).

## LENGTH OF THE DELAY

There is no constitutional basis for holding that the speedy trial right can be quantified into a specific number of days or months, **Barker v. Wingo,supra; Perkins v. State 504 S.W. 2d 458 (Tex. Crim. App. 1974),overld on other grounds; Ex Parte Taylor, 522 S.W. 2d 479 (Tex. Crim. App. 1975).** The right to a speedy trial arises from the time the defendant is formally accused or arrested. **Dillingham v United States,423 U.S. 64(1975); United States v Marion,404 U.S. 307(1971).** "The Barker test is triggered by a delay that is unreasonable enough to be presumptively prejudicial.'...we have held a delay of four months is not sufficient while a 17-month delay is." **Cantu v State,253 S.W. 3d 273, 280-81 (Tex.Crim. App. 2008).**

Here relator was charged more than 22 years ago (22).,And the Multi-Count indictment was also filed at that time,and fundamental constitutional violations were committed by respondent,together with an abuse of discretion in this case; considering this delay together with relator's motion for speedy trial;consequently this delay is more than sufficient to require a further examination of the speedy trial claim as well as the claims of fundamental constitutional violations committed in this case.

## REASON FOR DELAY

As previously stated this relator filed his formal speedy trial motion approximately 60 days ago, he filed informal requests (in the form of letters,motions,phone calls to the court) more than 22 years ago.,None of his request,or his motion have been acted upon by the Court,or responded to by the prosecutor in an ethical respectful manner.

Despite relator's attempts to resolve the Multi-Count charges of the indict-
ment and Fundamental constitutional violations in this case, there is nothing
to indicate that the state has even made an attempt to secure a trial date, or
relator's appearance at a hearing. The primary burden is on the prosecution
and the courts to insure that defendants are speedily brought to trial.
**Turner v. State, 504 S.W. 2d 843,845 (Tex. Crim. App. 1974).** Both the trial
Court and prosecution are under a positive duty to prevent unreasonable delay.
**Wilson v. Bowman,381 S.W. 2d 320 (Tex.1964).** Here, the relator has done nothing
to prevent or delay a trial in this case.

## REALTOR'S ASSERTION OF HIS RIGHTS

Relator for the past(22)twenty two years has wrote the court numerous times,
starting in 1993 immediately after trial.,it wasn't until March 29, 2015 that
he made a formal motion for speedy trial, more than 60 days ago. As the U.S.
Supreme Court stated in **Barker v. Wingo,supra,**"the defendant's assertion of his
speedy trial right, then, is entitled to strong evidentiary weight in determin-
ing whether the defendant is being deprived of the right. We emphasize that failure
to assert the right will make it difficult to prove that he was denied a speedy
trial." **Barker v. Wingo,407 U.S. at 533.** Again, here the relator wrote letters,
and filed numerous motions,and wirt applications requesting the court resolve
the Multi-Count indictment and other fundamental constitutional violations in this
case more than 22 years ago,and filed a speedy trial motion approximately 60 days
ago. Relator has clearly asserted his speedy trial rights.

## PREJUDICE TO THE REALTOR

The right to speedy trial is designed to protect three general interest: (1)
to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern
of the accused; and (3) to limit the possibility that the defense will be im-
paired. **Barker v. Wingo,supra.** The defendant invoking his right to speedy trial
must make some showing of prejudice resulting from the delay. **Harris v State** 489
S.W. 2d 303,308 (Tex. Crim. App. 1973).

The interest of a defendant incarcerated on another charge are entitled to the
same protections afforded the defendant who is either incarcerated or out on bail
on a pending charge. In **Smith v. Hooey,supra,**the United States Supreme Court noted

that the defendant incarcerated on another charge may (1) lose the possibility that he might receive a sentence at least partially concurrent with the one he is presently serving; (2) have the duration of the present imprisonment increased and conditions under which he must serve the sentence greatly worsened; and (3) suffer from the same anxiety and depression of the defendant at large,under a pending charge. Smith v. Hooey,393 U.S. at 378 .

This relator is losing the possibility of a partially concurrent sentence with every day that passes,where the Multi-Count indictment operates as a detainer on the additional charges of the indictment. In addition, the charges as filed in the indictment,is resulting in the loss of certain educational and vocational programs; (2) he is not permitted off-unit or outside prison compound priviliges ; and (3) he is ineligiable for S2 trusty classification,and fair consideration for parole possibilities because parole board members are considering the additional charges as unadjudicated,unresolved charges against relator. Each of these limitations restricts relator's efforts at rehabilitation. And as the Court of Criminal Appeals recognized "the detainer may well have prejudiced his opportunity for clemency,pardon...[or] parole." Turnersupra at 139. These allegations alone constitute a sufficient showing of prejudice, even without considering the dimming memories of all involved in the incident.

Relator,in particular,further complains of the Respondents Abused its discretion during trial by reaching a decision so arbitrary and unreasonable amounting to a clear and prejudicial error of law,by failing to analyze or apply the law of severance to the Multi-Count indictment containing Multiple Non-Property offenses;resulting in the deprivation of relator's fundamental constitutional rights as guaranteed by the Texas Constitution article 1§10,1§13,1§14;U.S., Constitutional Amendments 1st,5th,6th,and 14th,when it fail to force state to make an election on which charge of the indictment it was proceeding upon, resulting in a sentence that is both Ultra Licitum,and Ultra Petita; Respondent, has fail to correct this violation of relator's fundamental constitutional rights,even after relator's many request in the form of letter,motions,and phone calls to the court over the past (22)twenty two years.

Prior to trial,relator filed with respondent between one(1) and (23)motions; amoung those motions were,A motion to quash the indictment,and a motion requesting state to elect which charge of the indictment it was proceeding on. See respondents docket sheet,and counsels files on this case.

respondent fail to analyze and apply the law correctly. the indictment contained Multiple Non-property offenses,the offense of sexual assault,Tex. Penal Code sec.22.011;and the offense of Indecency,Tex. penal Code 21.11.,and other charges.Texas Constitution Article 1§10 Provides in part;"Rights of accused in criminal prosecutions; He shall have the right to demand the nature and cause of the accusations against him;

United States Constitutional Amendment 6th provides in relevant part; That the accused shall be informed of the nature and cause of the accusation; 14th Const.Amend. "Nor shall any state deprive any person of life,liberty,or property without due process of law;Nor deny to any person within its jurisdiction the equal protection of the laws.

Chapter 3.,3.04(a) Texas penal Code provides;Whenever two or more offenses have been consolidated or joined for trial under section 3.02 of this code, the defendant shall have a right to a severance of the offenses.

Under well established law of this state,A defendant's timely motion to force state to elect must be granted if the state has misjoined Non-Property offenses in a single indictment; trial court has discretion to delay state's election due to misjoinder of non property offenses in a single indictment,once requested, until submission of charge to jury; however,if trial court uncessarily delays election and thereby prejudices defendant,trial court may be found to have abused its discretion,Vernon's Ann.Tex.Code.Crim.Proc.,art21.24;If trial court fails altogether to require state to cure misjoinder of nonproperty offenses, whether by denying motion to quash indictment or denying motion to force election,appellate court must reverse conviction.Vernon's Ann. Texas code. Crim.Proc., art. 21.24.,See Callins v. State 780 S.W. 2d 176 (Tex. Crim.App. 1986).

Relator made a timely motion to quash.,and motion to force state to elect; Respondent denied the motions,and delayed forcing the state to elect due to misjoinder of Non-Property offenses in a single indictment.

Respondents total failure to grant relator's timely motion to quash, and motion for state to elect which count it was proceeding upon, "at all"., has done violence to relator's fundamental constitutional rights; respondents further abused it's discretion; respondent had a duty imposed by law to force state to elect; the law of severance, provides in part; "A defendant shall have a right to a severance of the offenses"., Ch. 3., 3.04(a) Tex.Penal Code; see also Callins Supra. Under well settled law of this state, a defendant's timely motion to force state to elect must be granted if the state has misjoined Non-property offenses in a single indictment., Crosslin v State 90 Tex.Cr.R.467, 235 s.w.905, 906 (1921). relator ask the court to Conditionally grant a Mandamus. The Courts of Appeals has held; Because mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other remedy by law, the relator's must demonstrate that either; (1)the trial court could reasonable have reached only one decision concerning the resolution of certain factual issues or matters committed to the trial court's discretion; or (2)the trial court fail to analyze or apply the law correctly., In Re Gonzales 115 S.W.3d 36(Tex.App.San.Antonio 2003). In the case at bar, the trial court could reasonably have reached only one decision concerning the resolution of the Mis-Joined Non-Property Offenses in the single indictment committed to respondents discretion; the respondent fail to analyze or apply the law of severance, at all, in this case as demonstrated above, and abused it's discretion warranting Mandamus relief. Walker v Packer 827 S.W 833,839 Tex ( ) I.d. at 840. Moreover, Mandamus relief is available to correct a trial court's deprivation of fundamental constitutional rights., Republican Party v Dietz 940 S.W.2d. 86,94(Tex. 1997) Relator ask the court to conditionally grant a mandamus compelling respondents to correct the issues regarding the Mis-joined non property offenses of the single indictment, or in the alternative, exercise this courts power to reverse and remand the conviction as Equality and Justice demands., Callins supra.

Complaining further, relator says that respondents abused it's discretion when it reached a decision so arbitrary and unreasonable, amounting to a clear and prejudicial error of law affecting relator's ability to plea knowingly and intelligently. Respondent fail to analyze or apply the law correctly when it fail to undertake to admonish relator to the correct range or punishment attached to each charge of the MultiCount indictment prior to accepting the plea of guilty; violating Tex.Code.Crim.Proc., art.26.13, and relator's constitutional rights as guaranteed by Texas Constitution art.1§10,1§13;U.S. Const Amend.14.

Over the past twenty two(22) past years,relator has wrote respondent in the
form of letters,motions,writ application,and phone calls requesting resolution
of this issue as justice requires.,Respondent has fail without cause to accord
relator Equality and Justice on this issue,and prosecutor has enguaged in un-
ethical conduct,failing to uphold the duties of it's office and the constitution
of the State of Texas,aswell as the Constitutional Amendments of the United
States Constitution. It is the duty of Respondents to see to it that defendants
constitutional rights are observed;according a defendant the Equality and Justice
in every case at trial.

Respondent clearly fail to analyze or apply **Article 26.13** correctly by failing
to undertake to admonish relator to correct range of punishment attached to the
offenses in the indictment. The **S.O.F. P.,1-35.,**demonstrate that during trial,
Respondent only gave admonishment to range of punishment for a second degree
offense: Respondent stated "these offenses are what we call second degree felonies
punishable from 2-20 years". The indictment#29450, contained Multiple charges;
Sexual Assault,a second degree felony,punishable from 2-20 years confinement,and
the Charge of Indecency,a Third degree felony punishable from 2-10 years,or
probation.Article **22.011.,**and art21.11 **Tex.Code Crim.proc.,**Relator received a
sentence of forty years confinement,**thirty years more than allowed for third
degree offense.** Article 26.13 Code Crim.Proc.,Provides; (a)

> Prior to accepting a plea of guilty or a plea of nolo contendere,
> the court shall admonish the defendant of:
> (1) the range of punishment attached to the offense;

Relator was sentenced to a term of forty(40) years confinement;however,Respon-
dent fail to undertake to admonish relator the the correct range of punishment
attached to the third degree offense in the indictment,and punishment was not
within that proscribed by for a third degree offense;Respondents total failure
to analyze and correctly apply law on admonishmentsb**Article 26.13,**affected
relator's ability to knowingly **and Intelligently** to the punishemnt.,Relator
would not have plead gulity had he been properly admonished to correct range of
punishment attached to the offense,but would have insisted upon trial.

Under well established law of this state;A trial court may substantially comply
with plea statute even though it incorrectly told defendant that the indecency
counts were were third degree felonies-

carrying a range of imprisonment of two to ten years, when offenses were actually second degree felonies carrying a range of punishment from two to twenty years, where eight year sentence fell within both correct range and the range mentioned by the court.Dobecka v. State(App. 5 Dist 2003)2003 WL 194711,Unreported.

In the case at bar,the forty year sentence does not fall within both correct range and the range mentioned by the Respondent;respondent fail to Undertake to admonish relator to range of punishment attached to the third degree offense, and clearly demonstrates Respondent fail to admonish relator in compliance with guilty plea statute,affecting relator's ability to knowingly and intelligently plea in this case;had relator know of proper range of punishment attached to the offenses,he would not have entered a plea of guilty,but would have exercised his right to trial by jury. Texas law is consistent;Requirement of Admonishment as to range of punishment is Mandatory and failure to admonish constitutes reversable error.,Tex. App. Dallas.,Vernon's Ann. C.C.P.,art 26.13 Johnson v state 629 S.W. 2d.137. If defendant is able to demonstrate that trial court failed to admonish him in substantial compliance with guilty plea statute and the error was harmful, judgment must be reversed,and case remanded to trial court for new trial.V.A.,Tex. C.C.P.,art 26.13.,Lanum v. State 952 S.W. 2d 36; Hughes v State,806 S.W. 2d 248, pdr 833 S.W. 2d 137.;Martinez v State 953 S.W. 2d. 804 rehearing overruled,PDR granted ,rev.,981 S.W.195.(Acts 1973,63rd leg.,p.883.ch.399§1.

It is clear Respondent fail totally to analyze or apply Article 26.13 by failing to undertake to admonish relator to correct range of punishment attached to all offenses in the indictment;A clear failure by the trial court to apply the law correctly constitutes an"abuse of discretion",as element for Mandamus relief,. In re Rp Products North America,Inc.,244 S.W. 3d 840 (20 );___V___685 S.W. 2d. 479,(19 ). Relator ask this court to issue a Mandamus compelling Respondent to correct the above fundamental constitutional violation,and thereafter accord Relator a trial like hearing on this issue resolving this issue as Justice and Equality demands. relator pray the court grant this mandamus,and any other relief deemed just and appropriate in this case.

Respondent further Abused it's discretion when it reached a decision so Arbitrary and unreasonable amounting to a clear and prejudicial error of law. Respondent fail to analyze or apply law correctly where the state used an infirm prior conviction for enhancement purposes,where there was clearly a predicate violation required for sentencing relator as a career or habitual offender as required by statute.**Tex. Penal Code 12.42(b)vernon's 1974)**.further violating relator's Fundamental Constitutional rights as promised by Texas Constitution art.1§13,1§14.,and the Due process Clause of the Fourteenth Amendment to the Constitution of the United States.U.S. Const.,Amends.,6th,14th.

As with other claims,relator has over the past twenty two (22) years wrote Respondent by letters,motions,writ application;requesting to be brought to trial on this issue;Respondent has fail to respond in any manner to request written,and the prosecution has done nothing to resolve this issue.

Relator was charged with a second degree offense of sexual assault,with one enhancement paragraph for a 1985,robbery conviction;**now expired as of Dec.5,2001.**

During the sentencing phase of trial,the state attempted to punish relator as an habitual offender under **section 12.42 (b) Tex. penal Code Ann.Vernon's 1974)**. The Respondent was the sole trier of fact,hearing all testimony and evidence.,Relator during trial,plead 'true' to the enhancement paragraph on the advice of his counsel,before counsel investigated the disposition of the prior conviction. While the indictment **Exhibit "A"** showed the respective date on which the prior conviction had been obtained, the indictment fail to specify the 'date' of commission of the 1985 Robbery conviction,and the prosecutor put on no other evidence to the trier of fact showing the 'date' or whether the prior was indeed a final conviction;the trier of fact found the allegations concerning the enhancement to be 'true' based on relator's own admission" and sentenced relator to a term of forty (40) years confinement.,Trial counsel did not complain to the court of the predicate violation,where the state put on NO evidence to prove the date of commission of the 1985 Robbery conviction used for enhancement purposes;similarily, counsel did not raise the issue on appeal to this court, and relator lost ability to raise the claim on appeal.

Relator contends,and the evidence show,relator is "actually" innocent of the Habitual offender status; there exist a predicate violation required for sentencing relator as a career,habitual offender under 12.42(b) Tex. Penal Code Ann. Vernons 1974). During the sentencing phase of the trial,the state's own evidence demonstrated that relator had been convicted on 1985 for robbery; however,there was NO evidence submitted to the trier of fact demonstrating the date of commission of that offense,or whether it was indeed a final conviction available for enhancement purposes as required by statute. In French v Estelle 692 F.2d 1021 5th Cir.(1982) The Chronology of the commission of prior felonies is an essential element of Tex. Penal Code Ann.,§ 12.42(b).

In the case at bar,the trier of fact allowed the state to convict relator upon NO evidence supporting the prior convictions disposition as required by law;A defendant is presumed Innocent until proven guilty;however,the state was allowed to convict relator without putting on any evidence to support its contention of the 1985 robbery conviction used for enhancement purposes.

**Ineffective Assistance of Counsel;**

In **Menefee v State 175 S.W. 3d. 500(Tex. App. Beaumont 2005)** the legal standard applicable to an ineffective assistance of counsel claim is set out in **Strickland v Washington 466 U.S. 668,104 S.Ct.2052,2064,80 L.Ed.2d.674 (1984).**

An applicant under the Strickland standard,Must first show counsel's performance was deficient.,**Id.at 687,104 S.Ct.2052; Mitchell v State,68 S.W. 3d 640,647(Tex. Crim. App.2002)**Specifically,applicant must prove by preponderance of the evidence that trial counsel's representation fell below the objective standard of professional norms. **Mitchell 68 S.W.3d. at 642.** Second,the applicant must show that this deficient performance prejudiced his defense.**Strickland,466 U.S. at 687,104 S.Ct.2052.** This means that the applicant must show a reasonable probability that,but for his counsel's unprofessional error's, the results of the proceedings would have been different. "A reasonable probability,is a probability sufficient to undermine confidence in the outcome." **Mitchelle,68 S.W.3d.at642.**

Appellate review of defense counsel's represenattion is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. **Bone v State 77 S.W. 3d. 828,833,Tex. Crim.App. 2002).** This deferential standard applies to ineffective assistance of counsel that occurs during the punishment phase of trial.**Flowers v State 133 S.W.3d 853,856(Tex.App.Beaumont.,2004 no pet.)citing Hernandez v State 988 S.W. 2d. 770,772(Tex. Crim. App. 1999).**

It is well settled that any claim of ineffective assistance must be firmly founded in the record. Thompson v. State 9 S.W. 3d 808,813 (Tex. Crim. App.1999).

Under normal circumstances,the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactial or strategic decision making,as to overcome the presumption that counsel's conduct was reasonable and professional.**Bone 77 S.W. 3d at833.**

However,when no reasonable trial strategy [can]justify trial counsel's conduct,counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reason for acting as [he] did" **Andrews v State 159 S.W. 3d 981,982(Tex. Crim. App. 2005)** When the record contains all the information needed to make a decision,a court may find trial counsel's performance to be deficient even when the record is silent as to counsel's trial strategy and tactics.See Id.at 102,03.

Under the first prong of Strickland,it must be decided whether this defendant has shown trial counsel's performance was deficient. Strickland,466 U.S. at 687 104 S.Ct.2052. The record indicates counsel allowed defendant,to plead 'true' and stipulate to the enhancement allegations; NO OTHER EVIDENCE was offered by prosecutor on the enhancement. For enhancement purposes,prior convictions must be final. An avernment in an indictment that an accused person has been convicted is sufficient to charge finality of prior conviction for purpose of sentence enhancement,but the burden is on the state to show that conviction became final before the commission of the offense defendant is being sentenced for.**Glorioso v State(Cr. App. 1988)746 S.W. 2d 483;753 S.W. 2d 454;**the burden is on the state to make a prima facie showing that any prior conviction alleged for enhancement, or for punishing an accused as a repeate offender,became final before commission of primary offense,and once such a showing is made,burden shifts to defendant to prove otherwise.

Diremigo v State (Cr. App. 1982)637 S.W. 2d. 926. In the case at bar,the state fail to offer a single piece of evidence to establish the 'date' of commission of the 1985 conviction used for enhancement;fail to offer any evidence of finality as required by by Due process Clause of Fourteenth Amendment;fail to offer a Mandate from this court demonstrating that relator had indeed appealed the 1985 conviction.,and after the indictment was presented to Respondent,Respondent sentenced relator to a term of forty years confinement under 12.42(b)Tex.Penal Code.,Vernons.,1974.,

Defendant during trial plead 'true' to the enhancement paragraph and stipulated that he had been convicted on the 1985 robbery; however,as mentioned,the 1985 conviction had been appealed to this court on 1986;and the state failed in the primary case,to prove the 'date' of commission of the 1985 robbery,or whether it was a final conviction available for enhancement purposes. Because counsel advised defendant to plead 'true',and stipulate to the infirm prior,defendant lost the ability to appeal his sentence based on sufficiency of the evidence used to enhance his sentence to a first degree offense. See **Smith v State 158 S.W. 3d 463,465(Tex. Crim.App.2005).**

Trial counsel had a duty to reasearch Texas enhancement laws;investigate defendant's case,and prevent the defendant from pleading true to the enhancement,and a duty to have state make a prima facie showing that any prior conviction alleged for enhancement,or for punishing defendant as a repeat offender, became final before the commission of the primary offense.This duty derives from counsel's function 'to make the adverserial testing process work in the particular case' **I.d.,**(citing **Strickland,466 U.S. at 690,104 S.Ct. 2052**)

There can be no reasonable trial strategy for allowing the defendant to plead 'true' to an enhancement allegation where there existed a predicate violation,and the state had not made a prima facie showing,whether the conviction was indeed a final conviction available for enhancement purposes,or proved the date of commission of that offense.

Defendant believes, that under the Strickland standard,trial counsel's performance fell below an objective standard of reasonableness as a matter of law. I.d.,The first prong of the Strickland test has been met and satisficd.,See **Ex Parte Jordan(Cr.App. 1994)879 S.W. 2d.61.**

The second prong of the Strickland test,is to determine whether trial counsel's deficient performance prejudiced the petitioner's defense.Strickland 466 U.S.at 687,104 S.Ct.2052. There is a reasonable probability,that but for trial counsel's error in allowing defendant to plead 'true' and not challenge the validity of the prior conviction,the results of the proceeding would have been different.**Hill v Lockhart,106 S.Ct.366.,Mitchelle,68 S.W. 3d at 642.** The defendant's punishment was enhanced from a second degree offense,carrying a punishment range of 2-20 years confinement,to a first degree felony,carrying a punishment range of life,or five(5) to ninty nine(5-99)years confinement.**Tex.Penal Code Ann.§ 12.42. (b)&(c).**Realtor was sentenced to a term of forty years,which is twenty years more than the maximum allowed for a second degree felony; and thirty(30)years more than the maximum allowed for the third degree felony alleged in the same indictment.

There is a reasonable probability,that had trial counsel filed the appropriate motions challenging the prior convictions validity,i.e.,filed motion to suppress prior,and advised relator to plead 'not true' relator would have plead not guilty, and proceeded to trial,or received a sentence within the punishment range allowed for a third degree offense,and would have been able to challenge any sentence outside the punishment range based on insufficiency, or No evidence to this court.

Relator has demonstrated a clear violation of his Fundamental Constitutional rights under the sixth and Fourteenth Amendments to the constitution of the United States; Counsel's deficient performance prejudiced relator's defense in the Punishment phase of of the trial.,the second prong of the Strickland test is satisfied

Relator ask this court to conclude;that relator has demonstrated a clear violation of his Fundamental Constitutional Rights ;Issue a writ of Mandamus compelling the respondent to correct this issue as Justice demands; and conclude that Respondent, and state, would be barred by law in a second proceeding from using the infirm prior not proven in the first trial. In **French Supra,**where a petitioner was once subjected to an enhancement proceeding where the state failed to produce sufficient evidence of habitual offender status to support a life sentence,the double jeopardy Clause bars a second trial like enhancement proceeding on the basis of the one prior felony insufficiently proven at the earlier trial.**Bullard v Estelle 708 F.2d 1021.,Jackson v Virginia U.S. S.Ct.99,2781,443 U.S.307,61 L.Ed.2d. 560.reh. den.,100 Ct. 195,444,U.S.890,62 L.Ed.2d. 126.** No rational jury could have found beyond a reasonable doubt the elements necessary to prove the prior enhancement-

used for enhancement in the primary case based on the states own evidence presented to the Respondent during the sentencing phase of Relator's trial. Relator ask this court to issue this Mandamus compelling the Respondent to correct the fundamental constitutional violation that took place during trial,as law Justice demands.

Relator further ask the court to strongly consider that Relator is being Restrained of his liberty by virtue of the infirm prior conviction insufficiently proven at trial; said prior conviction expired on December 5,2001. Relator ask the court to grant any other relief the court deems just and appropriate in this matter.

It is clear that Respondent fail to hold state to its burden of proof;that there was no evidence submitted by state to prove up the one prior used for enhancement purposes; Had Respondent correctly applied the law,and requirements of **Tex. Penal Code 12.42.(b)** together with the **Texas Constitution** article 1§10,1§13;**U.S. Constitution Amendments Sixth 6th,Fourteenth** ,and the **Due Process Clause** ,Relator would have **either** plead not guilty,or received a sentence within the range of third degree felony. ____V____,695 S.W. 2d479; ____V____244 S.W.3d 840.,( ).**In re Chevron U.S.A.,Inc.C.A.,109 F.3d 1016(C.A.(Tex)1997.**

Relator complains further that the Respondent Abused it's discretion when it reached a decision so Arbitrary and unreasonable amounting to a clear and prejudical error of law.,Respondent fail to accord relator Equality and Justice under the law of this state,aswell as the United States; Fail to analyze and Apply correct law, and sentenced relator in violation of the Double Jeopardy Clause.**Tex. Const.art. 1§14;U.S. Const.Amend.5th,and 14th.**Depriving relator of his Fundamental Constiut-ional Rights. As with other claims,relator has wrote the Respondent numerous times over the past 22 years,by letters,motions,and writ application,requesting correction of the double jeopardy issue due to the prejudicial treatment relator is being subjected to; The Respondent has fail to respond in any manner to the request,and has done nothing to move the prosecution forward to resolve this issue. Relator was charged by Multi-Count indictment containing three offenses alleged to have taken place in a common incident.,**Exhibit"A"** indictment#29450.

The laws of this state are clear. In **Ex Parte Fortune 797 S.W.2d929(Tex.Crim. App. (19 )>**Entering plea of guilty does not preclude defendant from raising double jeopardy contention in application for writ of habeas corpus.,**U.S.C.A. Const.Amend.5;** Double Jeopardy Prohibits state from obtaining convictions in successive prosecutions where common incidents exist.**U.S.C.A. Const. 5.,Vernon Ann. Tex. Const.Art 1§14;**

Where the intent of the legislature is ambiguous as to allowing individuals to simultaniously punished for commission of multiple offenses under separate and distinct statutes,test to be applied for double jeopardy purposes to determine whether there are two offenses or only one is whether each provision requires proof of fact that the other does not.,U.S.C.A.,Const.Amend.5.

The Fifth Amendment provides in revelant part;"[Nor shall any person be subjected to the same offense to be twice put in jeopardy of life or limb".

The Double Jeopardy Clause serves three primary purposes;

(1) it protects against a second prosecution for the same offense after acquittal;

(2) it protects against a second prosecution for the same offense after conviction;

(3)it protects against multiple punishments for same offense.

In the present case,the Respondent,and the state has fail to adhere to the laws and Texas Constitution,aswell as the constitution of the United States regarding the Double Jeopardy Clause;and has fail to correct this **blattant** violation of Relator's Fundamental Constitutional Right. Relator was convicted by single indictment,containing Multiple offenses alleged to have taken place in a common incident. In **Elder v State,132 S.W.3d 20 (Tex.App.Fort Worth 2004)** The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against both successive punishments and successive prosecutions for the same offense.**United States v Dixon 509 U.S.688,689,696,113 S.C.t 2849,2855,125 L.Ed.2d556(1993).**The double jeopardy clause provides that **No person shall "be subjected for the same offense to be twice put in jeopardy of life or limb"** U.S.Const.amend V.

Greater inclusive and lesser included offenses can be the same offense for jeopardy pruposes,**Brown v Ohio,432 U.S.161,169,97 S.Ct; 2221,2227,53 L.Ed.2d.187 (1977); Parish v State 869 S.W. 2d 352,354(Tex.Crim.App.1999).** Thus, where the evidence shows that the defendant committed only one act that could be used to prove both a greater inclusive and lesser included offense,the defendant cannot be convicted of both offenses. **Ochoa v State 982 S.W.2d 904,908 (Tex.Crim.App. 1988)** Relator in the case at bar,was charged on May 1993,in a three count indictment with having committed sexual assault in count one.,22.011.by Intentionally and Knowingly causing the penetration of the sexual organ of Sandi Burton by the male sexual organ of relator(then defendant);and Sandi Burton was a child under 17 who was not the spouse of defendantTex.Penal Code Ann.§22.011(c)(1)(1994,Vernon., (a)(1)(A)(2)(c).

Count Two of the same indictment alleged that during the same incident;that defendant;caused the mouth of defendant to contact the sexual organ of sandi Burton;(2)(c);

Count Three;with intent to arouse or gratify the sexual desire of defendant, and sandi Burton was a child under 17 and not defendants spouse;Tex. Penal Code Ann. §21.11(a) 1994(Vernon's(21.11(a)(1)(2)(A)(B).

The sexual assault required proof of the following facts;
* Defendant Intentionally or Knowingly;
* Caused the penetration of Sandi Burtons sexual organ by defendants' sexual organ;
* and sandi Burton was a child under 17 and not defendant's spouse.22.011(a)(1)(A)(2)(c).
The Indecency count required proof of the following facts;
* Defendant enguaged in sexual contact with sandi Burton by causing the mouth of defendant to contact the sexual organ of Sandi Burton;
* with intent to arouse or gratify the sexual desire of defendant;and Sandi Burton was a child under 17 and not defendant's spouse.Tex. Penal Code Ann.§21.11(a)(1)(2)(A)(B).

Under Texas law,it is well settled that touching the female sexual organ with the intent to arouse or gratify sexual desire is a lesser includes species of conduct of the intentional or knowing penetration of the female sexual organ. Ochoa 982 S.W. 2d at 910(Keller.J.concurring)accord Cunningham v State 726 S.W.2d 151,155(Tex. Crim.App.1987)(noting that,while aggravated sexual assault statute does not require specific intent to arouse or gratify sexual desire,the legislature has recognized that penetration may show such intent)Therefore,the two offenses were the same offenses for double jeopardy purposes,and the state was not entitled to seek convictions for both. Brown,432 U.S.at169,97 S.Ct.at 2227;Ochoa982 S.W.2d at 908; Parish,869 S.W.2d at 354.

In Demoss v State 12 S.W.3d 553,561 (Tex.App.San Antonio 1999,pet refused) A personcommits aggravated sexual assault of a child by penetrating the female sexual organ by any means or by penetrating the mouth of a child by the sexual organ of the actor .Tex.Penal Code Ann.§22.011(a)(2)(A),(B)vernon 1999.

A person commits indecency with a child by sexual contact if he enguages in sexual contact with a child or exposes his anus or any part of his genitals knowing the child is present,with intent to arouse or gratify the sexual desire of any person.Tex Penal Code A.nn.§21.11(a)(Vernon's 1994) with regard to both-

-offenses in relator's case,"Child" is defined as a person younger than 17 who is not the spouse of the actor,i.d.Tex.Penal Code Ann.®22.011(c)(1)vernon's 1994) "Sexual contact"under section 21.11 is defined as any touching of the anus,breast, or any part of the genitals of a person with intent to arouse or gratify the sexual desire of any person.Tex. Penal Code Ann.§21.01,vernon's 1994).In the case at bar, because the greater inclusive and lesser included offenses arose from the same conduct, they were the same for double jeopardy purposes.,Blockburger 284 U.S.at 304, 52 S.Ct.180; Parish Supra. In absence of a clear indication that the legislature intended to inflict multiple punishment,conviction for both offenses constituted double jeopardy,and respondent,and state abused it's discretion when it reached a decision so arbituary and unreasonable amounting to a clear and prejudicial error of law,by failing to accord relator Equality and Justice under the laws of this state,and the constitution of the United States;further respondent fail to analyze and apply Double Jeopardy law,and sentenced relator in violation thereof **Tex. Const.Art 1§14;U.S.Const.Amend,5th.,14th**

CONCLUSION

While no one factor is either a necessary of sufficient condition to the finding of a deprivation of the speedy trial;instead,the four factors are related and must be considered together along with other revelant circumstances demonstrating willful violation of relator's Fundamental Constitutional rights.

However,this relator who has waited over (22)years since being charged,clearly has shown the denial of his rights.

Relator is not requesting, at this time,the dismissal of the charges altogether, only that the court conditionally issue a Mandamus in order to enforce relator's constitutional rights to a speedy trial,and to compell the respondents below to accord relator the Equality and justice he deserves on the issues presented in this petition.;Relator request this court conditionally Grant this petition ,and Grant relator a Mini trial in which these issues can be addressed.

PRAYER

For all the reasons above,Relator Pray that this Court Conditionally Grant a Writ of Mandamus,Compelling the Respondents to bring Relator to a Speedy Mini Trial as guaranteed by the Texas Constitution,and the United States constitution;Compell respondents to correct the abuse of discretion and violations of law and duty imposed upon it at trial as set forth in this petition;Relator pray for any other relief this court deem just and appropriate.

## CERTIFICATE OF SERVICE

I Certify that I have previously mailed a true and correct copy t
to the Judge,Hon. John E. Neillat his addres at Guinn Justice Center
204 S. Buffalo Ave, Cleburne Tx 76033;along with Hon. Dale Hanna,
Johnson County District Attorney's office at Guinn Justice center
204 S. Buffalo Ave.,Ste 209 Cleburne Tx 76033 By placing the same
in the Mail on the 12th day of june 2015  ;

I Further Certify that a true copy of the foregoing petition for
writ of mandamus was mailed to the Supreme Court Clerk on this th
_12___DAY of August 2015 by placing the same in the U.S.Mail
postage afixed on this the *12th* day of August 2015

TRACY HICKS,RELATOR,PRO SE

IN RE TRACY HICKS-MANDAMUS                          PAGE 26

IN RE

TRACY HICKS

RELATOR

---

APPENDIX TO THE PETITION FOR WRIT OF MANDAMUS

---

LIST OF DOCUMENTS

1. Verification-TRAP 52.3(j)

2. Verification-Obtain records

3. Verification-True copies

4. Motion for speedy Trial-Order Complained of

5. Order on speedy Trial

6. Order of Dismissal-want of prosecution

7. Certificate of Service

8. Certified Mail Receipt-Proof of Delivery #7011 2970 0002 5610 4162

9. Texas Department of Criminal Justice's Time Sheet Information, provided by the Department as Evidence Relator has completed over 45 years accumulated time towards 40 year sentence no good conduct time is being awarded due to charges Multi-count Indictment.See Documents Numbers 12,13,14.No.14 show all charges are being used to prejudice Relator's ability to receive fair consideration during parole hearings.

10. Document showing more prejudice from Multi-count Indictment preventing fair consideration of parole.#15

11. Document dated Nov 3,2014 from family showing prejudice at parole consideration from Multi-Count Indictment.#16

12. Trail Court Docket Sheet.

13. Indictment#29450.

14. Statement of Facts State of Texas v. Tracy Hicks #29450

15. Judgement and Sentence#29450

16. Police Offense Report(Narrative)

17. Relator's Motion Requesting Trial Records.

ALL RECORDS 12-17 ARE WITHIN RESPONDENTS FILES AND ARE REQUESTED AS PART OF THIS MANDAMUS

---

STATE OF TEXAS

COUNTY OF ANDERSON

## VERIFICATION OF TRACY HICKS

This verification is made pursuant Texas Civil Practice and Remedies Code §132.00,and Texas Rules of Appellate Procedure 52.3(j).

1. "My name is Tracy Hicks,and I'am capable of making this affidavit,and the facts contained in this affidavit are true and correct.

2. I'am the relator in this cause,I have read the petition for writ of mandamus,and the facts stated in this petition are within my personal knowledge,and are true and correct.

TRACY HICKS

## UNSWORN DECLARATION

I.Tracy Hicks,being presently incarcerated under the number TDCJ-ID#673001. in the H.H. Coffield Unit of the Texas Department of Criminal Justice,located in Anderson County,Texas,Verify and Declare under penalty of perjury the foregoing statements are true and correct.

Executed on August 12, 2015.

STATE OF TEXAS

COUNTY OF ANDERSON

### AFFIDAVIT OF TRACY HICKS

This affidavit is made pursuant to Texas Civil Practice and Remedies Code, §132.

1. "My name is Tracy Hicks, and I am cepable of making this affidavit, and the facts in this affidavit are true and correct.

2. I am the relator in this cause. Prior to filing of this petition for writ of mandamus, I wrote the court in which this case is pending and requested copies of the indictment or infor- mation, court trial records, along with a copy of the courts docket sheet. All of my request have been unanswered and no documents sent to me.

X _Tracy Hicks_
TRACY HICKS

### UNSWORN DECLARATION

I, Tracy Hicks, TDCJ-ID#673001, being presently incarcerated in the H.H. Coffield Unit of the Texas Department of Criminal Justice, located in Anderson County, Texas, verify and declare under penalty of perjury the foregoing statements are true and correct.

Executed August 12, 2015

X _Tracy Hicks_
TRACY HICKS

---

IN RE TRACY HICKS-MANDAMUS                               AFFIDAVIT-APPENDIX

STATE OF TEXAS

COUNTY OF ANDERSON

## VERIFICATION OF DOCUMENTS

This verification of documents is made pursuant Texas Civil Practice and Remedies Code §132.

1. "My name is Tracy Hicks, and I am capable of making this affidavit, and the facts in this affidavit are true and correct.

2. I am the relator in this cause. All of the documents included and referred to in this petition for writ of mandamus are true copies.

## UNSWORN DECLARATION

I Tracy Hicks, TDCJ_ID#673001, being presently incarcerated in the H.H. Coffield Unit of the Texas Department of Criminal Justice, located in Anderson County, Texas, verify and declare under penalty of perjury the foregoing statements are true and correct.

Executed August 12, 2015.

TRACY HICKS

```
         T. D. C. J.    -    I N S T I T U T I O N A L   D I V I S I O N
          DATE 10/03/11              RECORDS OFFICE            TIME 09:28:15
   TDCJID: 00673001 NAME: HICKS,TRACY                     UNIT COFFIELD
   SENT. BEGIN DATE 05/06/1993 TDC RECEIVE DATE 07/08/1994
   INMATE STATUS STATE APPROVED TRUSTY CLASS III W     LAST PCR REQUEST 10/03/11
```

```
        SENT. OF RECORD      00040    YRS 00 MOS 00 DAYS   MAND SUPV PAROLE
        FLAT TIME SERVED      00018   YRS 04 MOS 29 DAYS   046  %     046  %
        GOOD TIME EARNED      00014   YRS 10 MOS 15 DAYS   000  %     037  %
        WORK TIME EARNED      00008   YRS 06 MOS 11 DAYS   000  %     021  %
        MAND SUPV TIME CREDITS 00018  YRS 04 MOS 29 DAYS   046  %
        PAROLE TIME CREDITS   00041   YRS 09 MOS 25 DAYS             104  %
        MINIMUM EXPIRATION DTE: 05/06/2033
        MAXIMUM EXPIRATION DTE: 05/06/2033
```

```
   JAIL GOOD TIME RECD NO              NUMBER OF DETAINERS 00
   GOOD TIME LOST 00120 DAYS           WORK TIME LOST 00000 DAYS
   PAROLE STATUS    BPP DATE                            TDC CALC DATE 10/10/11
```

```
   *NOT ELIGIBLE FOR MAND SUPV RELE
   REQUEST _____
   CONDUCT RECORD:
```

CAUSE NO. 29450

THE STATE OF TEXAS          §      IN THE 18th JUDICIAL DISTRICT COURT

VS.                    §      IN AND FOR JOHNSON COUNTY,

TRACY HICKS            §      CLEBURNE TEXAS

## MOTION FOR SPEEDY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

TRACY HICKS,Defendant,Moves the Court to order a speedy trial,and in support of this motion shows:

### I.

An indictment in this action was presented on May 1993.Defendant is currently an inmate in the Texas Department of Criminal Justice. The Multi-Count indictment acts as a detainer as written.

### II.

Defendant has previously written to the Court seeking a speedy resouloution of the charges as written in the indictment as Justice requires. To date,the Defendant has not heard anything from the Court concerning his prior request due to proc dural issues.

### III.

Defendant seeks a speedy trial in order that Justice may be done and that he be accorded due process and due course of law as respectively guaranteed by the United States and Texas Constitutions. Barker V. Wingo,92 S.Ct.2182 (1972). Defendant asserts that any further delay would result in irrepariable harm due to loss of witnesses necessary to his defense.

WHEREFORE, the Defendant prays thet Court grant this motion and order a Hearing, and trial in this matter be set for a date on or before April 24th 2015,or,if trial is not set on or before said date,that the Multi-Count indictment be dismissed on the ground that the defendant has been denied his constitutional right to a speedy trial.

Respectfully Submitted,

Tracy Hicks,Pro se

2661 FM 2054

Tenn, Colony,Tx 75884

CC:File

Page (1)

CAUSE NO. 29450

THE STATE OF TEXAS                §        IN THE 18th JUDICIAL DISTRICT COURT

VS.                               §        IN AND FOR JOHNSON COUNTY,

TRACY HICKS                       §        CLEBURNE TEXAS

## ORDER

On this date the ___ day of ___ 2015, came on to be heard Defendant's
Motion for Speedy Trial, and it appears to the Court that this matter shoul
be set for trial.

IT IS, THEREFORE, ORDERED that trial in this matter be set for the
___ DAY OF ___, 2015.


_____
JUDGE PRESIDING

CC:File

Page (2)

CAUSE NO. 29450

THE STATE OF TEXAS      §    IN THE 18th JUDICIAL DISTRICT COURT

VS.      §    IN AND FOR JOHNSON COUNTY,

TRACY HICKS      §    CLEBURNE TEXAS

## ORDER

On this the __day of___2015,came on to be heard Defendant's Motion for Speedy Trial,and it appears to the Court,that Defendant has been denied his constitutional right to a speedy trial in this cause and the indictment should be dismissed.

IT IS, THEREFORE, ORDERED that the Multi-Count indictment in cause number 29450 be dismissed.

_____
JUDGE PRESIDING

CC:File

Page (3)

## CERTIFICATE OF SERVICE

I,Tracy Hicks,do hereby certify that a true and correct copy of the foregoing Defendant's Motion for Speedy Trial and Orders have been forwarded by United States Mail,Postage Prepaid,to Dale Hanna,Prosecuting Attorney for Johnson County,Texas at; David R. Lloyd P.O. Box 495 Cleburne Tx 76033 on this the 29th day of March 2015

Defendant Pro se
2661 FM 2054
Tenn. Colony,Tx 75884

cc;File                    Page (4)

```
        T. D. C. J.    -    I N S T I T U T I O N A L    D I V I S I O N
          DATE 09/27/12              RECORDS OFFICE            TIME 09:53:49
TDCJID: 00673001 NAME: HICKS, TRACY           .               UNIT COFFIELD
SENT. BEGIN DATE 05/06/1993 TDC RECEIVE DATE 07/08/1994
INMATE STATUS STATE APPROVED TRUSTY CLASS III W      LAST PCR REQUEST 09/27/12


        SENT. OF RECORD       00040     YRS 00 MOS 00 DAYS    MAND SUPV PAROLE
        FLAT TIME SERVED        00019 YRS 04 MOS 24 DAYS       048  %     048  %
        GOOD TIME EARNED        00015 YRS 10 MOS 10 DAYS       000  %     039  %
        WORK TIME EARNED        00009 YRS 00 MOS 09 DAYS       000  %     022  %
        MAND SUPV TIME CREDITS  00019 YRS 04 MOS 24 DAYS       048  %
        PAROLE TIME CREDITS     00044 YRS 03 MOS 13 DAYS                  109  %
        MINIMUM EXPIRATION DTE: 05/06/2033
        MAXIMUM EXPIRATION DTE: 05/06/2033

JAIL GOOD TIME RECD NO               NUMBER OF DETAINERS 00
GOOD TIME LOST 00120 DAYS            WORK TIME LOST 00000 DAYS
PAROLE STATUS   BPP DATE                         TDC CALC DATE 10/10/12
```

REQUEST _____
CONDUCT RECORD:

NOTICE OF PAROLE PANEL DECISION

NAME: HICKS, TRACY
SID NUMBER: 02526074 TDCJ-ID NUMBER: 00673001
TDCJ-ID UNIT OF ASSIGNMENT: COFFIELD
HOUSING ASSIGNMENT: DORM P61B BED: 071

SUBJECT: Decision Not to Grant Parole - NEXT REVIEW

After a review of your case, the Board of Pardons and Paroles decision is not to grant you parole and has set your next parole review date as 09/2014.

You have been denied parole for the reason(s) listed below:
One or more components indicated in each paragraph listed below may apply, but only one is required.
2D. THE RECORD INDICATES THAT THE INMATE COMMITTED ONE OR MORE VIOLENT CRIMINAL ACTS INDICATING A CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS; OR THE INSTANT OFFENSE OR PATTERN OF CRIMINAL ACTIVITY HAS ELEMENTS OF BRUTALITY, VIOLENCE, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY SUCH THAT THE INMATE POSES A CONTINUING THREAT TO PUBLIC SAFETY; OR THE RECORD INDICATES USE OF A WEAPON.

The Institutional Division will monitor your treatment plan progress and will report your progress to the Board of Pardons and Paroles.

Should you have any questions regarding this notice you are to contact your unit Institutional Parole Office.

This Notice of the Parole Panel Action is your written detailed statement as required by Texas Government Code Section 508.144(b).
NEXT REVIEW
CC: INMATE - TDCJ-ID

NOTICE OF PAROLE PANEL DECISION

NAME: HICKS,TRACY
SID NUMBER: 02526074                    TDCJ-ID NUMBER: 00673001
TDCJ-ID UNIT OF ASSIGNMENT: COFFIELD
HOUSING ASSIGNMENT: DORM P62C           BED: 095

SUBJECT: Decision Not to Grant Parole - NEXT REVIEW

     After a review of your case, the Board of Pardons and Paroles
decision is not to grant you parole and has set your next parole review
date as 08/2016.

     You have been denied parole for the reason(s) listed below:
One or more components indicated in each paragraph listed below may
apply, but only one is required.
1D.  THE RECORD INDICATES THAT THE INMATE HAS REPEATEDLY COMMITTED
     CRIMINAL EPISODES OR HAS A PATTERN OF SIMILAR OFFENSES THAT
     INDICATES A PREDISPOSITION TO COMMIT CRIMINAL ACTS WHEN RELEASED;
     OR THE RECORD INDICATES THAT THE INMATE IS A LEADER OR ACTIVE
     PARTICIPANT IN GANG OR ORGANIZED CRIMINAL ACTIVITY; OR THE RECORD
     INDICATES A JUVENILE OR AN ADULT ARREST OR INVESTIGATION FOR
     FELONY AND MISDEMEANOR OFFENSES.
2D.  THE RECORD INDICATES THAT THE INMATE COMMITTED ONE OR MORE
     VIOLENT CRIMINAL ACTS INDICATING A CONSCIOUS DISREGARD FOR THE
     LIVES, SAFETY, OR PROPERTY OF OTHERS; OR THE INSTANT OFFENSE OR
     PATTERN OF CRIMINAL ACTIVITY HAS ELEMENTS OF BRUTALITY, VIOLENCE,
     OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY SUCH THAT THE
     INMATE POSES A CONTINUING THREAT TO PUBLIC SAFETY; OR THE RECORD
     INDICATES USE OF A WEAPON.

     The Institutional Division will monitor your treatment plan progress
and will report your progress to the Board of Pardons and Paroles.

     Should you have any questions regarding this notice you are to
contact your unit Institutional Parole Office.

This Notice of the Parole Panel Action is your written detailed
statement as required by Texas Government Code SECTION 508.1411.
NEXT REVIEW
CC: INMATE - TDCJ-ID

November 3, 2014

Tracy,

My oldest daughter is 21 today. Her name is Kylie. She is in school at Texas State University in San Marcos, below Austin. My youngest, Kyndall is a senior and has a volleyball playoff game tonight. She has been first team all-district the past two years. My son Tyler and I went deer hunting near your home place in Board bottom this weekend. I just wanted to share some Darrell news with you.

I was very disappointed in the results of the hearing. I had a long talk with Ms. Peden's paralegal, Grace Edwards. She claims that the charges being grouped together are problematic, and possibly some other things. Regardless, Ms. Peden is still hired to represent you. I only went on what you told me that everyone Ms. Peden represented got out. I hope she can do the same for you, as I can only imagine how beyond ready you are to get out. Not sure when I can make a trip to see you, but I will make a point to on a Saturday, sometime soon I hope.

Friends,

Darrell

#29450

EX PARTE HICKS TRACY           §           IN THE

§           __th DISTRICT COURT OF

§           JOHNSON COUNTY CLEBURNE

§           TEXAS

### ORIGINAL MOTION TO REVIEW TRIAL/APPELLATE RECORDS FOR PURPOSE OF PREPARING A WRIT OF HABEAS CORPUS RETURNABLE TO THE TEXAS COURT OF CRIMINAL APPEALS

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes the Petitioner Ex Parte Hicks Tracy in the above cause of action Pursuant to and in accordance with the Rules of the Court:Tex. Crim. Proc. Code § 11.07 (Vernon's Supp.2000) and files this Original Motion To Review Trial/Appellate Records For Purpose Of preparing A Writ Of Habeas Corpus Returnable To The Texas Court Of Criminal Appeals.

Petitioner in the above case number was convicted in the above Court of the offense of sexual assault of a person by guilty plea on August 1993: and desires to submit a properly filed Writ of Habeas Corpus returnable to the Texas Court of criminal Appeals.

Pursuant to and in accordance with the Texas Public Information Act,(V.T.C.A., Government Code § 552.000 et. Seq.) and Tex. Crim. Proc. Code § 11.07(Vernon's 2000);and the Due process Clause of the 14th Amendment to the Constitution of the United States. petitioner request opportunity to review the above records.

In re Christensen(App. 7 Dist.2000)39 S.W. 3d. 250.,Petitioner was entitled to have hearing on Motion for loan of trial and appellate record regarding aggravated sexual assault conviction for purpose of preparing application for writ of habeas corpus, which would be returnable to Court of criminal Appeals., Vernon's Ann. Texas Code of Criminal procedure art. 11.07 (Supp.2000).

Petitioner Pray that the Court will set this matter down for a hearing:and accord the petitioner opportunity to review Trial/Appellate Records for the Purpose of Preparing a Writ of Habeas Corpus returnable to the Texas Court of Criminal Appeals. SO MOVED AND PRAYED THAT REQUESTED RELIEF BE GRANTED AND PETITIONER BE BROUGHT BEFORE THE COURT TO REVIEW THE RECORDS IN ENTIRETY.

SUBMITTED ON THIS THE 04 DAY OF OCTOBER 2012 BY:- _Tracy Hicks_

                                              Petitioner Pro Se

TRACY HICKS
2661 FM 2054
Tenn. Cly, TX 75884

Oct 9 2012

District Clerk:
P.O. Box 495
Cleburne TX 76033

RE: MOTION TO REVIEW TRIAL/APPELLATE RECORDS

Dear Clerk:
Enclosed for filing with the Court is Petitioner's motion and
Proposed order for the Court: Upon the filing of the motion
please provide me a filed marked copy for my records.
Sincerely,

FILED
2012 OCT 15 AM 10: 34
DAVID R. LLOYD
DISTRICT CLERK
BY

TRACY HICKS

2661 FM 2054

Tenn. Colony, Tx 75884

November 24, 2012

**Office Of The District Clerk**
Research Compliance Department
Johnson County Guinn Justice center
 P.O. Box 495
Cleburne, Tx 76033

Re; Case # 29450 State of Texas V. Tracy Hicks

Dear Clerk;

I recently wrote your office regarding trial/appellate records in the above case. Thank you for your reply in reference these records. I'am needing one copy of the Indictment, and one (1) copy of the Police Offense report in the above case number, so that I may properly prepare and file a writ of habeas copies returnable to the Texas Court of criminal Appeals; I am not certain of how many pages these documents may be; would you please tell me the cost of these requested documents? I'm assuming that these documents consist of only 2-3 pages,and therefore in the alternative I will try and send your office a $3:00 Money order to cover cost of these records.

Thank You for your assistance in this matter
 Sincerely,

## SERVICE

This is to certify/Verify that on the 9th day of October 2012 that a true and correct copy of the Original Motion to Review Trial/Appellate Records for purpose of Preparing a Writ of Habeas Corpus Returnable to the Texas Court of crimnial Appeals was filed in the District Courts Clerke office, by placing the same in the U.S. Mail postage prepaid Addressed to David lloyd P.O. Box 495 Cleburne TX 76033    BY: *Tracy Hunt*

Petitioner, Pro Se.
2661 FM 1054
Tenn. Cly, Tx 75884